NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAIM SARWAR,

        Plaintiff,

v.

L.S.K., INC.,

        Defendant.

Civ. 20-15683

OPINION

THOMPSON, U.S.D.J.

# INTRODUCTION

This matter comes before the Court upon the Motion for Default Judgment filed by Plaintiff Saim Sarwar ("Plaintiff"). (ECF No. 18.) Defendant L.S.K., Inc. ("Defendant") has not opposed. The Court has decided the Motion based on the written submissions of Plaintiff and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's Motion for Default Judgment (ECF No. 18) is denied.

# BACKGROUND

Plaintiff is a citizen of New York who qualifies as an individual with disabilities as defined in the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). (Am. Compl. ¶ 1, ECF No. 8.) Plaintiff is "an advocate of the rights of similarly disabled persons and is a 'tester' for the purpose of asserting his civil rights and monitoring . . . whether places of public accommodation and their websites are in compliance with the ADA." (*Id.* ¶ 2.)

Defendant owns the Colonade Motel, a hotel in Mercer County, New Jersey (the "Property"). (*Id.* ¶ 3.) Defendant accepts reservations for the Property through third-party online booking systems. (*Id.* ¶ 9.) Before bringing the present suit, Plaintiff visited five third-party

1

booking websites "for the purpose of reviewing and assessing the accessible features at the Property" and to see if the Property would meet his accessibility needs. (*Id.* ¶ 10.)[1] Plaintiff found that the Property's page on the third-party booking websites "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel." (*Id.*) He contends that the lack of information on the Property's page "infringe[s] [his] right to travel free of discrimination and deprive[s] him of the information required to make meaningful choices for travel." (*Id.* ¶ 15.)

Plaintiff alleges that he will "re-visit the [Property's] online reservation system as soon as the Covid crisis is over for the purpose of selecting hotels in which he can stay during [an] upcoming trip." (*Id.* ¶ 12.) He states that he "maintains a system to ensure that he revisits the online reservations system of every hotel he sues." (*Id.* ¶ 13.) Specifically, Plaintiff keeps "a list of all hotels he has sued" which he updates with the dates of his website visits. (*Id.*) With respect to each hotel, he "visits the online reservation system multiple times prior to the complaint being filed, then visits again shortly after the complaint is filed. Once judgment is obtained or settlement agreement reached, he records the date by which the hotel's online reservations system must be compliant and revisits when that date arrives." (*Id.*)

Plaintiff filed the Complaint in the present case on November 9, 2020. (ECF No. 1.) Plaintiff filed the operative First Amended Complaint on December 20, 2020. (ECF No. 8.) Defendant did not answer or otherwise respond to the Complaint or the Amended Complaint. On June 10, 2021, Plaintiff requested an entry of default (ECF No. 16), which the Clerk entered the same day. Plaintiff subsequently moved for Default Judgment. (ECF No. 18.) Defendant has not

---

[1] The third-party booking websites are: Expedia, Hotels.com, Orbitz, Cheaptickets, and Travelocity. (Am. Compl. ¶ 10, ECF No. 8.)

opposed. Plaintiff's Motion for Default Judgment is presently before the Court.

## LEGAL STANDARD

After an entry of default by the Clerk, a district court may enter default judgment under Federal Rule of Civil Procedure 55(b)(2) against a properly served defendant who "fail[s] to plead or otherwise defend" an action. *See Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 458 (3d Cir. 2011) (citing Fed. R. Civ. P. 55(a)). "Default judgment is permissible only if plaintiff's factual allegations establish a right to the requested relief." *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011). The court must accept a plaintiff's well-pled factual allegations, except for those relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

A party who has made a proper showing under Rule 55 is not entitled to default judgment as of right; the entry of default is within the district court's discretion. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgment is a sanction of last resort; cases are more appropriately decided on their merits where practicable. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003); *Hritz*, 732 F.2d at 1181. Even if default judgment is permissible, the Court must assess three factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## DISCUSSION

Plaintiff is not entitled to default judgment because he has not demonstrated that he has standing to bring this suit. Article III standing is a "jurisdictional matter" that must be established "to warrant [a party's] invocation of federal-court jurisdiction and to justify exercise of the

court's remedial powers on his behalf." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243–44 (3d Cir. 2012). To establish standing, a plaintiff must show (1) injury-in-fact; (2) causation; and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To allege an injury-in-fact, a plaintiff must show that he has suffered "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* (citations and internal quotation marks omitted).

Furthermore, because Plaintiff seeks injunctive relief, he must also "meet[] the preconditions for asserting an injunctive claim in a federal forum." *Doe v. Nat'l Bd. of Med. Exam'rs*, 210 F. App'x 157, 159 (3d Cir. 2006) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). "To establish standing in an action for injunctive relief, a plaintiff must show that he or she is likely to suffer *future* injury from the defendant's illegal conduct." *Id.* at 159–60 (emphasis in original). "Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by 'continuing, present adverse effects.'" *Id.* at 160 (quoting *Lyons*, 461 U.S. at 102). Put another way, "[i]n order to satisfy the injury-in-fact requirement for injunctive relief under the ADA, [a] [p]laintiff must show a real and immediate threat of future injury." *Sarwar v. Gopinathjee LLC*, 2021 WL 3163971, *4 (D.N.J. July 27, 2021) (internal quotation marks omitted). Courts in this district consider four factors when determining whether a threat of future injury is "real and immediate" in the ADA context: (1) the plaintiff's proximity to the place of public accommodation; (2) the plaintiff's past patronage; (3) definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel. *Id.*

Here, the Court finds factors one, two, and four to be neutral. Plaintiff is a resident of New York, which is relatively proximate to the Property in Mercer Country, New Jersey. (*See*

4

Am. Compl. ¶¶ 1, 3.) Plaintiff does not allege that he patronized the Property in the past, beyond visiting the Property's page on third-party booking websites. (*See id.* ¶¶ 10, 11.) And Plaintiff does not allege any frequent nearby travel. (*See generally id.* ¶¶ 1–22.)

However, Plaintiff's allegations regarding the third factor, the "definitiveness of [his] plan[s] to return" to the websites, lack the requisite specificity to turn his "some day intentions" into "concrete plans." *See Lujan*, 504 U.S. at 564. Plaintiff alleges that he plans to revisit the third-party booking websites "when the Covid crisis is over" to select a hotel for an "upcoming trip." (Am. Compl. ¶ 12.) He also "maintains a system to ensure that he revisits the online reservations system of every hotel he sues." (*Id.* ¶ 13.) However, Plaintiff does not provide any additional detail regarding his upcoming trip, nor does he provide additional detail about the system he employs, such as specific times or dates he plans to visit the third-party booking websites in the future. (*See id.* ¶¶ 12–14.) For these reasons, the Court concludes that Plaintiff's allegations fail to establish actual or imminent injury sufficient to confer standing. *See Sarwar*, 2021 WL 3163971, at *3.

This Court's recent decision in *Sarwar v. Gopinathjee LLC*, is instructive on this point. 2021 WL 3163971. *Sarwar* involved the same Plaintiff and near-identical factual allegations, including the same nebulous plan of an "upcoming trip" and the same "system" for revisiting the third-party booking websites. (*See* Am. Compl. ¶¶ 12–13); *Sarwar*, 2021 WL 3163971, at *4. In that case, the Court explained that Plaintiff's allegations that he planned to check the website "multiple times prior to the complaint being filed," "as soon as the Covid crisis is over," and then again after a favorable judgment or settlement, "[fell] short of the specificity required." *Sarwar*, 2021 WL 3163971, at *4. The Court thus concluded that "Plaintiff has not put forth any facts to make plausible his claim that he will return to the websites and suffer future harm." *Id.*

5

Moreover, other courts in this district have denied motions for default judgment based on similar factual allegations for failing to establish a likelihood of future injury. *See, e.g.*, *Sarwar v. Bipin-Seth Inc.*, 2021 WL 2850455, at *4 (D.N.J. July 8, 2021) (concluding that Plaintiff's plan to "revisit the hotel's online reservation system as soon as the Covid crisis is over" was a "someday allegation" insufficient to support the inference that Plaintiff was likely to suffer future harm); *Laufer v. Buena Motel Corp.*, 2021 WL 2802214, at *4 (D.N.J. July 6, 2021) (holding that that the plaintiff's general plan to revisit the websites and check for compliance was not sufficient to establish likelihood of future injury needed for standing); *Laufer v. Aark Hosp. Holding LLC*, 2021 WL 486902, at *5 (D.N.J. Feb. 10, 2021) (same).

In sum, the Court concludes that Plaintiff has not demonstrated likelihood of future injury sufficient to establish standing. Accordingly, Plaintiff's Motion for Default Judgment is denied. Plaintiff is granted leave to file an amended complaint within thirty (30) days if he wishes to do so, to cure the deficiencies in the Amended Complaint identified in this Opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (ECF No. 18) is denied. An appropriate Order will follow.

Date: September 23, 2021  /s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.